UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES DARRNELL YOUNG SR #126303     CIVIL ACTION NO. 23-cv-1030

VERSUS     JUDGE EDWARDS

J M BASSETT ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

James Darnell Young, Sr. ("Plaintiff"), who is self-represented, filed this civil rights action against four Shreveport police officers. Plaintiff alleged that Cpl. Brice initiated a traffic stop because Plaintiff's brake lights were not working. The stop led to a foot chase, which was followed by two police officers beating Plaintiff. Plaintiff alleges that Detective Bassett hit him in the face and that Bassett and Brice lifted him in the air and slammed him to the ground so hard that he had a bowel movement. Plaintiff complains of excessive force and that the traffic stop was illegal and the result of racial profiling. Plaintiff alleges that he was charged with aggravated flight from an officer, resisting an officer, improper turning movements, and running a stop sign. All charges are pending in state court.

Before the court is a motion to dismiss or stay (Doc. 13) filed by Defendants. They challenge the complaint for failure to state a plausible claim on which relief may be granted and as inadequate to defeat their claim of qualified immunity. The movants assert an alternative request for a stay pending a resolution of the parallel criminal proceeding. For the reasons that follow, a stay will be granted.

A claim under 42 U.S.C. § 1983, to the extent a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, is generally precluded by Heck v. Humphrey, 114 S.Ct. 2364 (1994).  The prisoner is not allowed to seek Section 1983 relief unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 114 S.Ct. at 2372.  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.

Plaintiff's criminal charges are reported to be pending as of this writing, so Heck is not directly applicable; it does not bar an action that would impugn an anticipated future conviction.  Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007).  But this does not mean the federal court should move forward with such cases filed by pretrial detainees.  Wallace states that if a plaintiff files a claim, before he has been convicted, related to rulings that will likely be made in a pending criminal prosecution, it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case is ended.  If the plaintiff is ultimately convicted, and the civil suit would impugn that conviction, Heck will require dismissal.  Otherwise, the civil action may proceed absent some other bar to suit.  Wallace, 127 S.Ct. at 1098.

Even before Wallace, the Fifth Circuit held that a stay was appropriate when a Section 1983 case attacks an arrest, search, or seizure in a manner that could affect the validity of a decision in the criminal case. The prisoner in Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995) alleged an unreasonable search and seizure claim related to his arrests that were followed by indictment in state court on drug charges. Even though the record did not clearly reflect that a successful attack on the lawfulness of the prisoner's arrests would implicate the validity of his confinement on the state charges, the Fifth Circuit stated that the district court "may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." Id.

A stay is appropriate in these circumstances. Plaintiff is charged with traffic violations, but he contends that the traffic stop was illegal and the result of racial profiling rather than actual traffic violations. He is charged with aggravated flight from an officer and resisting an officer, but he asserts excessive force claims in this court that overlap with those charges and could be barred by Heck. See, e.g., Ducksworth v. Rook, 647 Fed. Appx. 383 (5th Cir. 2016) (where the plaintiff was convicted of resisting arrest and assault on a police officer, his excessive force claims were barred under Heck) and Arnold v. Town of Slaughter, 100 Fed. Appx. 321 (5th Cir. 2004) (where a plaintiff alleged that he did nothing wrong and was attacked for no reasons, his claim was barred because it challenged the factual determination that underlay his conviction for resisting an officer).

Proceeding on the merits of the Section 1983 claims could give rise to estoppel arguments or other issues that might interfere with the ability of the state criminal court

system to fully and fairly address any constitutional claims or related factual issues that arise in the prosecution. Also, it has been the experience of the court that attempts by civil rights defendants to conduct discovery in such cases are thwarted by the plaintiff's invocation of his Fifth Amendment privilege against self-incrimination so long as the state criminal charges are pending.

The best exercise of the court's discretion in these circumstances is to stay this civil case so that the state courts may address the criminal charges first. Accordingly, Defendants **Motion to Dismiss or Stay (Doc. 13)** is **granted by issuing a stay of this civil action and ordering that the clerk of court administratively close this case until further order of the court**. This case will remain closed until such time as Plaintiff might file a motion to lift stay after the completion of his criminal proceedings. He will, if he files such a motion, have to show that the litigations of the claims presented in this case would not run afoul of Heck or that the Heck conditions (charges dismissed or any conviction reversed or set aside) have been met. If the case is ever reopened, the court will consider the Rule 12(b)(6) and qualified immunity defenses raised by the motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2024.

Mark L. Hornsby
U.S. Magistrate Judge